IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

NORMA J. RAYBURN AND            )
GENE T. RAYBURN,                )
                                )
        Plaintiffs,             )
                                )
v.                              )          CASE NO. 3:08-cv-314-F
                                )
WAL-MART STORES, INC., et al.,  )
                                )
        Defendants.             )

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Plaintiff Norma Rayburn ("Rayburn") and her husband Gene T. Rayburn bring this action against Defendants Wal-Mart Stores, Inc. and Wal-Mart Stores East, L.P. (collectively "Wal-Mart") alleging that Rayburn was injured by a fall caused by Wal-Mart's negligence with respect to the premises at one of its retail store.[1]  This cause is before the Court on the Defendant's Motion for Summary Judgment (Doc. #15).  The Court has reviewed the submissions of the parties and finds that, for the reasons set forth below, the motion is due to be GRANTED.

### II. JURISDICTION AND VENUE

Wal-Mart removed this case to this Court from the Circuit Court of Russell County, Alabama.  Subject matter jurisdiction over Plaintiffs' claim is proper under 28 U.S.C. §

---

[1] Rayburn's husband's claim is for loss of consortium.

1332.[2]   The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations in support of both.

### III. STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to

---

[2]   Wal-Mart is incorporated in Delaware with its principal place of business in Arkansas.  The Plaintiffs are citizens of Alabama.  Although Plaintiffs' Complaint contains no demand for a specific amount of damages, Plaintiffs' counsel have sent a demand letter to Wal-Mart claiming medical expenses in excess of $208,000.  (Doc. #1).

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.  To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

## IV. FACTS

The Court has carefully considered all deposition excerpts and documents submitted in support of and in opposition to the motion.  The submissions of the parties, viewed in the light most favorable to the non-moving party, establish the following facts.

On Saturday, April 15, 2006, Rayburn and her husband went to a Wal-Mart store located in Phenix City, Alabama.  They dropped her husband's truck off at the automotive section of Wal-Mart to get its oil changed and entered the store through the Tire Express Lube entrance.  On this date, it is undisputed that the weather was sunny and dry.   It is further undisputed that on this date, the store was well-lit and busy.

Rayburn and her husband shopped for about two hours.  Rayburn was wearing flat

rubber soled sandals commonly known as "flip flops." Rayburn stopped to look at a bin of some stuffed Easter bunnies. She picked up one of the bunnies and began to walk towards her husband who was standing near the cart some distance away. Rayburn passed a large four-way display rack and turned right passing between that rack and a customer service manager's podium. Rayburn's feet suddenly slipped out from under her, and she fell to the white tiled floor behind the customer service podium. Prior to falling, Rayburn, who admits that she could see fine on this date, had not seen anything on the floor. Wal-Mart's security cameras recorded images of the incident, although the camera angle does not allow an unobstructed view of the area where Rayburn lost her footing.

After the fall, Rayburn's husband rushed over and helped Rayburn up off the floor. A Wal-Mart employee provided some assistance in this endeavor. At this time, Rayburn and her husband have testified that they saw what appeared to be a puddle of clear liquid on the floor.[3] It is undisputed that there were no cart track marks, footprints, or black marks in or around the puddle. After falling Rayburn had no trouble seeing the puddle on the floor, but she had not seen it before the fall. Neither Rayburn, nor her husband have any idea how the liquid got on the floor. Neither Rayburn, nor her husband have any idea how long the liquid had been on the floor prior to the time of Rayburn's fall.

It is also undisputed that the fall and the puddle were located very near the customer

---

[3] For purposes of this motion, the Court has credited this testimony although the video recording of the incident does not appear to show them looking at the area where Rayburn lost her footing during and after the time her husband helped her to her feet.

service podium, but that immediately before the fall the Wal-Mart employee stationed at that podium had her back to the area of the puddle.  She was counting out change for a cashier.  That employee, Sheree Scott ("Scott") denies having seen anything on the floor that might have caused a customer to fall in the time period immediately before this accident.  Scott was at the time working as the Customer Service Manager.  Her job duties as Customer Service Manager required her to walk back and forth between the front check out stations and the customer service podium.  It is undisputed that four to five minutes before the accident, Scott walked by the area where the accident later occurred.  Between the time she walked by the area and to the customer service podium and Rayburn's fall, Scott did not turn around and look at the area on the floor where Rayburn later slipped.  Prior to Rayburn's fall, no one reported to Scott that there was anything on the floor in that area.  After Rayburn's fall, it is undisputed that Scott wiped the liquid off the floor with a paper towel another employee brought to the area.

It is undisputed that every Wal-Mart employee is in charge of maintenance, which includes cleaning spills from the floor.  It is undisputed that people working for this Wal-Mart store routinely inspect the floors in the area where they are working.  It is undisputed that every hour the maintenance team for Wal-Mart goes up and down the aisles checking the floors.

When she fell, Rayburn aggravated a prior injury to her spine.  She needed extensive medical treatment, including an additional back surgery.  Rayburn's quality of life has been

impaired since the fall.  Her husband also has been injured as the fall has affected their life as a couple and caused him to have to take on more responsibility in the home.

## V. DISCUSSION

Under Alabama law,[4] the elements of negligence in a premises liability case "are the same as those in any tort litigation: duty, breach of duty, cause-in-fact, proximate or legal cause, and damages." *Sessions v. Nonnenmann*, 842 So. 2d 649, 651(Ala. 2002) (citations and quotations omitted).  Under Alabama law, a store is "under a duty to exercise reasonable care to provide and maintain reasonably safe premises" for the use of its customers. *Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990). *Accord, Williams v. Wal-Mart Stores, Inc.*, 584 F. Supp. 2d 1316 (M.D. Ala. 2008) (Thompson, J).  "A store is not an insurer of a customer's safety and is liable only if it negligently fails to keep the premises in a reasonably safe condition." *Williams*, 584 F. Supp. 2d at 1319 (citing *Maddox*, 565 So. 2d at 16). In the context of a slip-and-fall case involving a puddle in a store, a plaintiff must prove one of three things: (1) that the defendant had actual notice that the puddle was on the floor; (2) that the puddle had been on the floor for a sufficiently long period of time so that the store had constructive notice of the hazard; or (3) that the store was otherwise delinquent in failing to discover and remove the puddle of water.  *See, e.g., Williams*, 584 F. Supp. 2d at 1319; *Maddox*, 565 So. 2d at 15; *Cox v. Western Supermarkets, Inc.*, 557 So. 2d 831, 832 (Ala. 1989); *Richardson v. Kroger Co.*, 521 So. 2d 934, 935-36 (Ala. 1988).

---

[4] The substantive law of Alabama governs this lawsuit.

6

Wal-Mart argues that summary judgment is appropriate because Plaintiffs have failed to produce sufficient evidence from which a reasonable jury could find that it had any actual or constructive notice of the of any defective condition at the Wal-Mart store or that it was otherwise delinquent in failing to discover and remove the puddle.[5]  In response, Plaintiffs counters that there is sufficient evidence before the Court to create a genuine issue of material fact as to whether Wal-Mart had constructive notice of the hazard.[6]  Despite making this argument, Plaintiffs rely on a series of cases recognizing an exception to the requirement of proving notice.   Under Alabama law, where the store owner or its employees have affirmatively created the dangerous condition, the plaintiff need not introduce evidence that the owner had actual or constructive notice of the hazard; under such circumstances, the courts presume notice.  There is no evidence before this Court from which a reasonable fact finder could determine that Wal-Mart or its employees affirmatively created the dangerous condition; consequently, Plaintiffs are not excused from their obligation to establish actual or constructive notice.

"In a slip-and-fall case, a plaintiff may prove constructive notice through evidence

---

[5]  Wal-Mart also seeks summary judgment on the ground that the hazard that caused the fall was an open and obvious hazard which should have been seen by Rayburn in the exercise of ordinary care for her own personal safety.  The Court need not and does not address this contention to resolve the motion before the Court.

[6]  Plaintiffs make no attempt to argue either that Wal-Mart that should be held liable because it had actual notice of the hazard or because it was otherwise delinquent in failing to discover and remove the puddle.  Indeed, the evidence before this Court would not support either such theory of the case.

tending to show a puddle or condition had been present for a sufficient period of time that the defendant should have been aware of its presence." *Williams*, 584 F. Supp. 2d at 1319 (citing *Cash v. Winn-Dixie Montgomery, Inc.*, 418 So. 2d 874, 875 (Ala. 1982) and *Maddox*, 565 So. 2d at 16). This does not mean that a plaintiff must present direct evidence as to the length of time that the substance remained on the floor, rather a plaintiff may rely on circumstantial evidence from which a reasonable jury could infer the length of time. *Id.* For example, the plaintiff may offer evidence that the substance was "dirty, crumpled, or mashed, or has some other characteristic which makes it reasonable to infer that the substance has been on the floor long enough to raise a duty on the defendant to discovery and remove it." *Williams*, 584 F. Supp. 2d at 1319 (citing *Cash*, 418 So. 2d at 875). To show that a defendant had constructive notice, "the plaintiff must present evidence about the source of the substance that caused the slip and fall and not rely on 'speculation, conjecture or guess.'" *Rhodes v. United States of America*, No. 2:06cv554-WKW, 2007 WL 2710385, at *3 (M.D. Ala. Sept. 13, 2007). Absent evidence from which a reasonable jury could draw an inference that Wal-Mart had constructive notice of the condition which caused Rayburn's fall, there can be no finding that Wal-Mart breached its duty to Rayburn, and no *prima facie* case can be established. *See Tidd v. Wal-Mart Stores, Inc.*, 757 F. Supp. 1322, 1324 (N.D. Ala. 1991).

Here, Plaintiffs offer no evidence tending to show the puddle had been on the floor for any amount of time greater than mere moments. The undisputed testimony is that the puddle was clear and free of tracks. Moreover, based on the testimony before this Court the

8

longest period of time that the substance could have been present is four or five minutes. This length of time alone is insufficient to support a jury finding that Wal-Mart had constructive notice. *See, e.g., Ex parte Wal-Mart Stores, Inc.*, 806 So. 2d 1247 (Ala. 2001); *Hose v. Winn Dixie Montgomery, Inc.*, 658 So. 2d 403 (Ala. 1995). Moreover, to the extent that Plaintiffs contend that the presence of Scott in the vicinity where she fell is sufficient to create a jury question as to Wal-Mart's negligence, the Court notes that "[t]here is no case law to support the argument that simply having employees in the vicinity provides evidence of negligence." *Williams*, 584 So. 2d at 1320.

In the end, the record before this Court compels the conclusion that Plaintiffs have failed to offer evidence raising a genuine issue of material fact warranting trial on whether Wal-Mart had constructive notice of the puddle. This is an essential element of Plaintiffs' claims. Therefore, because plaintiffs have presented no facts either establishing this element or showing that there is a genuine issue as to material facts concerning this element, summary judgment is due to be GRANTED in favor of Wal-Mart on all of Plaintiffs' claims.

## VII. CONCLUSION

For the reasons stated above, it is hereby ORDERED as follows:

1. The Wal-Mart's Motion for Summary Judgment (Doc. # 15) is GRANTED.

2. All remaining deadlines and hearings in this matter, including the September 10, 2009 pretrial and the October 19, 2009 trial, shall be TERMINATED.

3. A separate final judgment will be entered consistent with this Memorandum

Opinion and Order.

DONE this 4th day of September, 2009.

          /s/ Mark E. Fuller
          CHIEF UNITED STATES DISTRICT JUDGE

10